Argued and submitted June 4, affirmed August 29, 1990

P.G. ENTERPRISES, INC.,
dba Oceanside Restaurant & Lounge
and Paula Gustafson,
*Petitioners,*

*v.*

OREGON LIQUOR CONTROL COMMISSION,
*Respondent.*

(OLCC-88-V-123; CA A61917)

796 P2d 1212

Nicholas D. Zafiratos, Astoria, argued the cause for petitioners. With him on the brief was Zafiratos & Roman, Astoria.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Rossman, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Petitioners seek review of the Oregon Liquor Control Commission's (OLCC) order cancelling a conditional liquor license that it had granted to petitioner P.G. Enterprises, Inc. (Enterprises). We affirm.

OLCC granted a liquor dispenser's license to Enterprises on February 12, 1988. In the order granting the license, OLCC found that court or medical records indicated that petitioner Gustafson, president and owner of Enterprises, had a record of abuse of alcoholic liquor, OAR 845-05-025(6),[1] and that she was in the habit of using alcoholic liquor to excess. ORS 472.160(4)(a).[2] Either finding would have provided a basis for outright denial of a license. However, OLCC found good cause not to deny the application. In addition to there being other factors in her favor, Gustafson voluntarily agreed to conditions on the license that included, among others, "[Gustafson] will abstain from all psychoactive substances for the duration of this license" and "the Commission may proceed to cancel her license if she violates any of the provisions of this agreement."

---

[1] OAR 845-05-025 provides, in part:

"The following criteria will be given sufficient consideration so that a license will not be issued unless good cause which outweighs the criteria involved is shown by the applicant:

"* * * * *

"(6) Court or medical records indicate that the applicant has a record of abuse of alcoholic liquor or controlled substances."

Under OAR 845-06-120, " 'licensee' * * * includes any director, principal officer * * *, [or] stockholder who owns or controls 10 percent or more of any class of stock * * *." OAR 845-06-025 provides:

"Each licensee may be held responsible for violation of any liquor control law or administrative rule or regulation of the Commission affecting his license privileges and for any act or omission of his servant, agent, employe, or representative in violation of any law, municipal ordinance, administrative rule, or regulation affecting his license privileges."

[2] ORS 472.160 provides, in part:

"The commission may refuse to license any applicant if it has reasonable grounds to believe:

"* * * * *

"(4) That the applicant:

"(a) Is in the habit of using alcoholic beverages, habit-forming drugs or controlled substances to excess."

OLCC cancelled the license after it found two violations of the conditions. Gustafson also admitted violating the conditions on two other occasions. Each of the violations related to her drinking alcohol. In considering the appropriate penalty, OLCC looked to its penalty schedule, OAR 845-06-200(5), for guidance. The standard penalty for a second violation of ORS 471.405(1)[3] is a 20-day suspension or a $1,300 fine. However, OLCC found aggravating circumstances, including that three of the proved or admitted violations had occurred within the first six weeks after the license was issued and that there had been four violations in nine months. That, OLCC concluded, constituted a pattern of violating the conditions. OLCC also noted that, without the license conditions, Gustafson would not have been a good risk for compliance with the liquor laws and the license would not have been granted. Therefore, it cancelled the license. Cancellation is the standard penalty for a third violation of ORS 471.405(1).

Petitioners raise numerous arguments in support of their position that the cancellation was erroneous. At oral argument, they conceded that OLCC had the authority to impose the conditions. That the violations occurred is not challenged. The only issue for us is whether cancellation is an impermissible penalty, either because there is no express statutory authority for a cancellation for violation of a license condition or because cancellation is not the specific penalty set out in the rules. We review for errors of law. ORS 183.482(8).

OLCC has the power to grant, refuse, suspend or cancel liquor licenses. ORS 472.060(2)(a). A license granted under ORS chapter 472 is revocable or suspendible, as provided in ORS 472.180. ORS 472.141(1)(d). ORS 472.180 provides, in pertinent part:

---

[3] OLCC recognized that the penalty schedule does not contain a category expressly relating to condition violations. Because it concluded that Gustafson's violations could have been charged as violations of ORS 471.405(1) and because it is obligated to impose penalties consistently, it considered the penalty for violation of that statute. ORS 471.405(1) prohibits a licensee from selling alcoholic liquors "in a manner * * * other than the license permits the licensee to sell." Petitioner's license was issued under ORS chapter 472. ORS 472.310(1) also makes unlawful sale of liquor "in a manner * * * other than the license permits * * *." The scheduled penalty for a violation of ORS 472.310(1) is the same as for a violation of ORS 471.405(1).

"The commission may cancel or suspend any license granted, or impose a monetary penalty in lieu of or in addition to suspension * * * if it finds:

"(1)     That the licensee has violated any provision of this chapter or any rule of the commission adopted pursuant thereto.

"* * * * *

"(7)     That the licensee is in the habit of using alcoholic liquor, habit-forming drugs or controlled substances to excess.

"* * * * *

"(12)    That there is any other reason which, in the opinion of the commission based on public convenience or necessity, warrants canceling or suspending such license."

Petitioner seems to concede, by urging this court to remand with instructions to impose only a 20-day suspension, that the condition violations can be considered as violations of the liquor control statutes. ORS 472.180(1) allows cancellation for violation of *any* provision of chapter 472. Thus, there is statutory authority for the cancellation.

■     In addition, there is also authority under the rules. The rules provide for a 20-day suspension for a second violation of the statute. OAR 845-06-200(5). However, OAR 845-06-200(3) provides:

"The proposed penalties are guidelines. If the Commission staff believes that aggravating or mitigating circumstances exist, they [*sic*] may propose a greater or lesser penalty. The Commission may always increase or decrease a penalty to prevent inequity or to take account of extraordinary circumstances. Numerous violations in a two-year period, regardless of type, may indicate such a disregard of the law or failure to control the premises so as to warrant cancellation of the license or permit."

Cancellation is the specific proposed penalty for a third violation of ORS 472.310(1). OLCC made findings that Gustafson had a pattern of violating the conditions and that that was an aggravating circumstance. Contrary to petitioners' argument, OLCC did not have to find extraordinary circumstances to increase the penalty.

■     Even though there is no statutory provision that expressly permits cancellation of a license when grounds exist

that would justify refusal of an application for a license,[4] cancellation was permissible in this case. In granting the license, OLCC made findings that would have justified denial on both statutory and rule grounds. In that light, the license could be granted only if there were assurances that the applicant would comply with the law. OLCC therefore imposed the conditions with respect to Gustafson, to which she consented, in an attempt to ensure that the conduct that it had found objectionable under the statute and rules would not continue. When Gustafson violated the conditions, OLCC was no longer assured of her compliance, and it was warranted in cancelling the license.

Affirmed.

---

[4] A license is specifically not *renewable* "where grounds exist for refusal to issue [a] license under ORS 472.160 * * *." ORS 472.141(1)(c).